**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FIRAS DJELASSI,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.  19-70184<br><br>Agency No. A095-708-316<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 15, 2020[**]
San Francisco, California

Before:  PAEZ and CLIFTON, Circuit Judges, and HARPOOL,[***] District Judge.

Firas Djelassi petitions for review of the Board of Immigration Appeals'

order upholding an immigration judge's decision denying his asylum application.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

Reviewing the factual findings underlying the decision for substantial evidence, *Singh v. I.N.S.*, 134 F.3d 962, 966 (9th Cir. 1998), we deny the petition.

A petitioner may establish eligibility for asylum by showing that he suffered "past persecution at the hands of private parties the government is unwilling or unable to control." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1065 (9th Cir. 2017) (quoting *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006)). Here, the immigration judge found that Djelassi had not established that the Tunisian government was unwilling or unable to control his persecutors, and we conclude that the record evidence did not compel a different conclusion. The record demonstrated that Tunisia has outlawed religious violence and taken steps to implement these laws, including against Salafists, the private group from whom Djelassi fears persecution. Substantial evidence supported the immigration judge's decision.

We also conclude that the immigration judge's decision was consistent with the persecution standard set by existing precedent, as the Attorney General's language in *Matter of A-B-*, 27 I. & N. Dec. 316, 337–38 (2018), did not alter the standard.

**PETITION FOR REVIEW DENIED**.